ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| ÁNGEL E. PALACIOS GERENA, Recurrente, v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, Recurrida. | TA2026RA00339 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación. Respuesta de reconsideración: núm.: B-341-26. Sobre: mínimo de sentencia. |
|---|---|---|

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2026.

La parte recurrente, señor Ángel E. Palacios Gerena (señor Palacios), presentó su recurso de revisión por derecho propio el 22 de junio de 2026[1]. Evaluado el recurso a la luz del derecho aplicable, y prescindiendo de la comparecencia de la parte recurrida[2], desestimamos el recurso por falta de jurisdicción, por haberse presentado tardíamente.

I

El señor Palacios, quien cumple una sentencia por violación al Art. 133(A) del Código Penal de Puerto Rico, 33 LPRA sec. 5194 (actos lascivos), presentó una solicitud de remedio administrativo ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR), a la que se le asignó el alfanumérico B-341-26[3].

El 14 de marzo de 2026, el DCR emitió una respuesta, que fue notificada al señor Palacios el 14 de abril de 2026. Mediante la referida

---

[1] En esa misma fecha, el señor Palacios presentó una *Solicitud para declaración de indigencia*, la cual declaramos **con lugar**.

[2] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).

[3] El señor Palacios no adjuntó a su apéndice copia de la solicitud.

determinación, la agencia recurrida informó al señor Palacios que, "al tener un delito que la ley 85-2024 excluye no le aplica el mínimo de sentencia por no cualificar para la JLBP"[4].

El señor Palacios presentó una solicitud de reconsideración el 17 de abril de 2026[5]. El **12 de mayo de 2026** el DCR emitió su respuesta a la solicitud de reconsideración y reafirmó su postura[6]. Le aclaró al señor Palacios que la Junta de Libertad bajo Palabra carecía de jurisdicción para atender los casos de personas convictas por delitos de agresión sexual.

Aún inconforme, el señor Palacios presentó su recurso por derecho propio y mediante correo postal el **18 de junio de 2026**. El recurso fue recibido en este Tribunal el **22 de junio de 2026**. Nos solicita que revisemos la determinación del DCR emitida el 14 de marzo de 2026, **notificada el 14 de abril de 2026**.

Como apercibimos, en esta ocasión y en atención a los hechos particulares de este caso, prescindimos de la comparecencia del DCR y resolvemos.

II

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **tardío** o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR

---

[4] *Véase,* apéndice del recurso, a la pág. 1.

[5] *Id.*, a la pág. 2.

[6] *Véase*, resolución recurrida.

83, 98 (2008). Al igual que un recurso presentado prematuramente, un **recurso tardío** adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) **los tribunales deben auscultar su propia jurisdicción**; (5) **los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso**; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). De otra parte, la Regla 83(C) del Reglamento de este Tribunal de Apelaciones, *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 116-117, 216 DPR __ (2025), nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83.

III

Un examen del trámite del recurso que nos ocupa revela que el señor Palacios no nos colocó en posición de ejercer nuestra función revisora. Lo anterior, ya que presentó su recurso fuera del término jurisdiccional de 30 días.

Como señalamos, la doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene.

En su escrito, el señor Palacios alega que recibió la respuesta a su solicitud de reconsideración el 29 de mayo de 2026. No obstante, conforme a la información que surge del documento adjuntado a su recurso, la respuesta a la solicitud de reconsideración fue emitida el 12 de mayo de 2026. El recurso fue presentado ante este foro de revisión el 22 de junio de 2026, es decir, fuera del término de 30 días para ello. Por tanto, carecemos de jurisdicción para atenderlo y solo procede su desestimación. Apuntamos, además, que el expediente se encuentra incompleto, pues el señor Palacios no adjuntó copia de su petición original ni de la contestación inicial a su solicitud de remedio administrativo[7].

IV

A la luz de lo antes expuesto, **desestimamos** el recurso ante nuestra consideración por este Tribunal carecer de jurisdicción para entender en el mismo.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] En cuanto a lo méritos de la controversia planteada por el señor Palacios en su recurso, añadimos que lo expuesto por el DCR en su respuesta al miembro de la población correccional es correcto. La Ley Núm. 85-2024, fue promulgada a los fines de enmendar el Art. 308 de la Ley Núm. 146-2012, según enmendada, intitulada *Código Penal de Puerto Rico*, 33 LPRA sec. 5001-5416, y la Ley Núm. 118 de1974, intitulada *Ley de la Junta de Libertad Bajo Palabra*, 4 LPRA sec. 1501-1516, y reafirmar que las personas convictas por los delitos de agresión sexual en todas sus modalidades, entre ellas, actos lascivos, **no** podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo o del Código Penal o la ley especial utilizada para dictar sentencia. Ello incluyó los Códigos Penales de 1974, 2004 y 2012.